IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MEGAN STYLES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:13-cv-130 |
| | ) | |
| vs. | ) | |
| | ) | |
| CALEDONIA FINANCIAL SERVICES, LLC, | ) | |
| OPTIMAL BILLING SOLUTIONS, LLC, and | ) | |
| and KEVIN B. WILSON LAW OFFICES, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff, Megan Styles, (hereinafter "Plaintiff" or "Ms. Styles") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Caledonia Financial Services, LLC (hereafter referred to as "Defendant

[1]

Caledonia") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Florida, with its principal office located at 861 SW 78th Avenue, Suite 200B, Plantation, FL 33324 and maintains CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, as its registered agent for service of process.

6. Defendant Optimal Billing Solutions, LLC (hereafter referred to as "Defendant Optimal") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Florida, with its principal office located at 861 SW 78th Avenue, Suite 200, Plantation, FL 33324 and maintains CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, as its registered agent for service of process.

7. Defendant Kevin B. Wilson Law Offices (hereafter referred to as "Defendant Wilson") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Tennessee, and may be served at their principal office located at 2810 Walker Road, Suite 102, Chattanooga, TN 37421.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. Defendants use the mail in their businesses.
10. Defendants use telephone communications in their businesses.
11. The primary purpose of Defendants' business is the collection of debts.
12. Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

13. Defendants are a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. Defendants have alleged that Ms. Styles incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical services allegedly originally owed to or serviced by Lakeway Emergency Physicians, LLC.

15. Sometime prior to January 2012, Ms. Styles' debt was sold or otherwise transferred to Defendants Caledonia and Optimal for collection from Ms. Styles, when thereafter Ms. Styles received collection communications and was subjected to collection acts from Defendants Caledonia and Optimal, all in an attempt to collect this debt.

16. Ms. Styles has made no payments on this account since the time she received Defendants' March 7, 2012 correspondence.

17. In the course of attempting to collect a debt allegedly due from Ms. Styles to a business which is not a party to this litigation, Defendants Caledonia and Optimal communicated with Ms. Styles in ways that violated the Fair Debt Collection Practices Act.

### *March 7, 2012 Collection Letter*

18. Defendants Caledonia and Optimal sent Ms. Styles a collection letter dated March 7, 2012 (see attached Exhibit A).

[ 3 ]

19. The March 7, 2012 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

20. The March 7, 2012 collection letter is collecting on the Lakeway Emergency Physicians, LLC account numbered LKW 000008202. (see attached Exhibit A).

21. The March 7, 2012 collection letter asserts the current balance due on the account was $783.00 as of March 7, 2012.

22. The March 7, 2012 collection letter does not contain the requisite notice that the communication is from a debt collector.

23. The March 7, 2012 collection letter does not contain the requisite notice that it is an attempt to collect a debt.

24. The March 7, 2012 collection letter asserts: "This is the final notice for payment to settle the past due balance on this account for Emergency Physician or Hospitalist services." (see attached Exhibit A).

25. The March 7, 2012 collection letter includes the words "Final Notice" in a very large font at the bottom of the letter. (see attached Exhibit A).

26. Defendant Caledonia is believed to be a corporation organized in the State of Florida, but was not registered with the Tennessee Secretary of State during the time it attempted to collect the above-referenced debt, which is required to transact business in the State of Tennessee.

27. Additionally, Defendant Caledonia did not have a collection service license with the State of Tennessee during the time it attempted to collect the above-referenced debt, therefore

[ 4 ]

Defendant Caledonia was not legally licensed to collect debts in the State of Tennessee during the time it attempted to collect the above-referenced debt.

28. Defendant Optimal is believed to be a corporation organized in the State of Florida, but was not registered with the Tennessee Secretary of State during the time it attempted to collect the above-referenced debt, which is required to transact business in the State of Tennessee.

29. Additionally, Defendant Optimal did not have a collection service license with the State of Tennessee during the time it attempted to collect the above-referenced debt, therefore Defendant Optimal was not legally licensed to collect debts in the State of Tennessee during the time it attempted to collect the above-referenced debt.

### *September 21 and December 5, 2012 Collection Letters*

30. A debt collector not a party to this Complaint, North American Credit Services (hereinafter "NACS"), sent Ms. Styles a collection letter dated September 21, 2012 (see attached Exhibit B). A debt collector not a party to this Complaint, NACS sent Ms. Styles a collection letter dated December 5, 2012. (see attached Exhibit C).

31. Both the September 21, 2012 and December 5, 2012 collection letters are communications as defined by 15 U.S.C. § 1692a(2), and were sent in connection with the collection of a debt and in an attempt to collect the debt.

32. Both the September 21, 2012 and December 5, 2012 collection letters were collecting on the same Lakeway Emergency Physicians, LLC account. (see attached Exhibits B & C).

33. NACS changed the assigned account number to 8095836. (see attached Exhibits B & C).

[ 5 ]

34. Both the September 21, 2012 and December 5, 2012 collection letters demand the same amount due of $783.00 (see attached Exhibits B & C).

### *January 9, 2013 Collection Letter*

35. Defendant Wilson sent Ms. Styles a collection letter dated January 9, 2013 (see attached Exhibit D).

36. The January 9, 2013 collection letter is a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

37. The January 9, 2013 collection letter is collecting on the same Lakeway Emergency Physicians, LLC account numbered 8095836. (see Exhibit D).

38. The January 9, 2013 collection letter inexplicitly increases the current balance due to $978.75 as of January 9, 2013.

39. The January 9, 2013 collection letter asserts: "Contractual attorney fees, as provided for in your agreement with our client, have been added to the amount owed on this account." (see attached Exhibit D).

40. The January 9, 2013 collection letter goes on to explain: "At this time, no attorney with this firm has personally reviewed your account." (see attached Exhibit D).

41. Defendant Wilson did not have a collection license with the State of Tennessee during the time it attempted to collect the above-referenced debt.

42. Defendant Wilson was not qualified to collect debts in the State of Tennessee during the time it attempted to collect the above-referenced debt.

## **CAUSES OF ACTION**
[ 6 ]

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

43. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the failure to disclose in each and every communication that the communication is from a debt collector, which is a violation of 15 U.S.C. § 1692e(11).

44. The March 7, 2013 letter from Defendant Caledonia and Defendant Optimal failed to disclose that it was an attempt to collect a debt

45. The March 7, 2013 letter from Defendant Caledonia and Defendant Optimal failed to disclose that it was a communication from a debt collector.

46. 15 U.S.C. § 1692e(11) requires both the initial communication as well as subsequent communications contain information that the communication is from a debt collector. Specifically:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**....

15 U.S.C. § 1692e(11) (emphasis added).

47. By failing to include the language that is required by a federal statute in each and every collection attempt, Defendant Caledonia and Defendant Optimal violated 15 U.S.C. § 1692e(11).

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

[ 7 ]

48. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

49. Both Defendants Caledonia and Optimal were not registered as corporations with the Tennessee Secretary of State at the time of their collection attempt.

50. Consequently, Defendants Caledonia and Optimal did not have authority to transact business in the State of Tennessee.

51. Both Defendants Caledonia and Optimal did not have a collection license from the Collection Services Board for the State of Tennessee at the time of their collection attempt.

52. Consequently, Defendants Caledonia and Optimal did not have authority to collect debts, or even attempt to collect debts, in the State of Tennessee.

53. Defendants Caledonia and Optimal attempted to deceive and/or mislead Ms. Styles when they attempted to collect a debt from her at a time they were not lawfully able to do so.

54. The enactment of the FDCPA was to prevent misrepresentations such as those that have occurred here.

55. As a result of Defendants' actions, Ms. Styles is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

**THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO
THE AMOUNT OF THE ALLEGED DEBT**

56. Ms. Styles incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

58. Prior to the collection letter received from Defendant Wilson, Ms. Styles received a collection communication from Defendants Caledonia and Optimal, dated March 7, 2012 and two other collection communications from North American Credit Services dated September 21, 2012 and December 5, 2012.

59. Defendant Wilson's use of false, deceptive or misleading representations in connection with the amount of the alleged debt is apparent where the account balance stayed the same, $783.00, as of March 7, 2012, September 21, 2012 and December 5, 2012, but then it mysteriously and inexplicably increases to the amount of $978.75 in Defendant Wilson's January 9, 2013 collection letter to Ms. Styles.

60. Upon information, knowledge and belief, Ms. Styles asserts that Defendant Wilson did not possess the necessary documentation which may authorize its collection of the increased amount.

61. By assigning a different account balance to the same account, Defendant Wilson has confused Ms. Styles as to what amount of money she owes on this account.

62. Ms. Styles asserts that the increased amount demanded by Defendant Wilson is an attempt to keep her confused as to the amount is owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead

[ 9 ]

Case 3:13-cv-00130-JMH-HBG  Document 1  Filed 03/08/13  Page 9 of 14  PageID #: 9

would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

63. By changing the account number assigned to the debt, Defendant Wilson has misled and confused Ms. Styles as to which account they are trying to collect.

64. By continually changing the name of the collection company who is collecting the debt, Defendants have misled and confused Ms. Styles as to who she owes for her Lakeway Emergency Physicians, LLC account.

65. By attempting to collect through different collection agencies; by assigning different account numbers to the same account; and by increasing the balance of the debt to an unauthorized amount; Defendants have utilized false and deceptive communications in their efforts to collect this debt, have confused Ms. Styles as to what amount of money she owes on this account, and have confused Ms. Styles as to the legal status of the account.

### FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

66. The acts of the Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

67. Without a written contract signed by Ms. Styles, MCS may not recover attorney's fees or a contract rate of interest on the underlying debt. ***Holcomb v. Cagle***, **277 S.W.3d 393,**

**397-98 (Tenn. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)**)).

68. As referenced *supra*, the amount of the claim increased from $783.00 as of December 5, 2012 to $978.75 in Defendant Wilson's January 9, 2013 collection communication.

69. The account balance never increased from March 7, 2012 to December 5, 2012, but then the account balance inexplicably increased by twenty-five percent (25%) of the principal amount and/or had an interest rate of over 260% applied to it in Defendant Wilson's January 9, 2013 collection letter.

70. Defendant Wilson had no basis for attempting to collect the increased amount of $978.75.

71. Upon information and belief, Ms. Styles asserts that Defendant Wilson has not applied the applicable contractual rate of interest for this account.

72. Upon information and belief, Ms. Styles asserts that she never signed a contract with any of the Defendants or Lakeway Emergency Physicians, LLC and thus they were never entitled to the recovery of interest or attorney's fees on this account.

73. By asserting a balance that increased dramatically from all three of the previous collection letters, specifically assessing an inconsistent rate of interest, fees or charges on its collection letter, Defendant Wilson has demanded an amount that is not expressly authorized by the agreement creating the debt or permitted by law

74. By assigning a different account balance to the same account without documentation authorizing the increased balance amount, Defendant Wilson attempted to collect interest and/or fees which were neither authorized by the agreement creating the debt, nor permitted by law.

## FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:

[11]

## **UNFAIR PRACTICES**

75. The acts of Defendant Caledonia and Defendant Optimal constitute multiple violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

76. Defendant Caledonia and Defendant Optimal asserted that its March 7, 2012 collection letter was the final notice Ms. Styles would receive when in fact she received at least three more notices. (see attached Exhibits A, B, C & D).

77. Defendants changed the account number from "LKW 000008202" in the March 7, 2012 communication from Defendant Caledonia and Defendant Optimal to "8095636" in the subsequent communications from NACS and Defendant Wilson.

78. The balance stays $783.00 from March 7, 2012 to December 5, 2012, but then increases inexplicably to $978.75 as of January 9, 2013.

79. These changes are deceptive and misleading representations by Defendants, and are thus acts committed in violation of 15 U.S.C. § 1692e.

80. The January 9, 2013 collection letter asserts: "Contractual attorney fees, as provided for in your agreement with our client, have been added to the amount owed on this account." (see attached Exhibit D). It goes on to explain: "At this time, no attorney with this firm has personally reviewed your account." (see attached Exhibit D).

81. Ms. Styles is confused as to how Defendant Wilson can add "contractual attorney fees" without ever reviewing a contract between herself and Lakeway Emergency Physicians, LLC.

82. Ms. Styles has been deceived and misled by Defendant Wilson through its addition of "contractual attorney fees" to her account when no attorney had ever even reviewed her account.

83. As a result of Defendant's actions, Ms. Styles is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

84. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages against each and every Defendant pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendants to be insufficient; and

[13]

Case 3:13-cv-00130-JMH-HBG Document 1 Filed 03/08/13 Page 13 of 14 PageID #: 13

e) That the Court grant such further and additional relief as is just in these circumstances.

Respectfully submitted this the 8th day of March, 2013.

/s/ *Justin A. Brackett*
Justin A. Brackett, BPR #024326
Brent T. Strunk, BPR #023050
BRACKETT & STRUNK, PLLC
Attorneys for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868